UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NICHOLAS M. PALM,
                 Plaintiff,

v.

SERGEANT JESSICA BROOKS,
TROOPER TYLER K. CARROZZO, and
TROOPER NATHANEAL SCHOCK,
                 Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

22 CV 9729 (VB)

Briccetti, J.:

      Plaintiff Nicholas M. Palm, proceeding pro se and in forma pauperis, brings this action against defendants New York State Troopers Tyler K. Carrozzo and Nathaneal Schock (together, the "NYSP Defendants"), and Newburgh Police Department Sergeant Jessica Brooks.[1] Plaintiff asserts claims under Section 1983 for violations of his Fourth and Fourteenth Amendment rights.[2]

      Now pending is the NYSP Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) (Doc. #40) and Brooks's partial[3] motion to dismiss the complaint pursuant to Rule 12(b)(6) (Doc. #44).

---

[1] In some instances, the complaint incorrectly identifies Trooper Carrozzo as "Tyller K. Carrozzo" and Trooper Schock as "Nathaneal Schack." (See Doc. #1 ("Compl.")). The Court refers to them by their proper names, as set forth in these defendants' memorandum of law. (Doc. #41 at 1).

[2] Although plaintiff includes a Fifth Amendment violation on his list of claims in the complaint (Doc. #1 at ECF 4), he fails to allege any facts that suggest defendants violated his Fifth Amendment rights.

      "ECF__" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

[3] Brooks does not move to dismiss the Fourth Amendment excessive force claim against her. (Doc. #47 at 3). Accordingly, plaintiff's excessive force claim against Brooks will proceed.

1

For the following reasons, the NYSP Defendants' motion is GRANTED IN PART and DENIED IN PART, and Brooks's motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint as well as certain factual allegations in plaintiff's opposition,[4] and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff alleges on July 29, 2022, at 9:52 p.m., he was confronted by Brooks, Carrozzo, and Schock on Fullerton Avenue in Newburgh, New York. According to plaintiff, defendants were responding to an anonymous 911 call reporting a "light skinned hispanic dude, kind of shades on his face, kind of a beard" was engaging in criminal activity. (Compl. at ECF 8).

Plaintiff claims he was having a conversation with another person on the street, when Schock yelled, "Hey you come here." (Compl. at ECF 10). Plaintiff then allegedly walked away slowly, with his back to defendants. According to plaintiff, Brooks suddenly "bombarded" him,

---

[4] In addition to the complaint, courts may consider a pro se plaintiff's other submissions, such as any opposition to a motion to dismiss, when "evaluating the legal sufficiency of a pro se plaintiff's claims." See Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014) (collecting cases). However, new allegations in plaintiff's opposition are only considered to the extent they are consistent with those in the complaint. Kelley v. Universal Music Grp., 2016 WL 5720766, at *6 (S.D.N.Y. Sept. 29, 2016); see also Davila v. Lang, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018) (Although "[a] pro se plaintiff may not raise entirely new causes of action for the first time in his opposition papers, . . . the Court may consider new claims appearing for the first time in briefing if the claims could have been asserted based on the facts alleged in the complaint.").

Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

and Brooks and Schock grabbed plaintiff's right and left arms, respectively, "with unnecessary force," while Carrozzo watched. (Id.). Plaintiff alleges defendants then slammed him to the ground face first. According to plaintiff, he did not struggle during the incident. Plaintiff asserts "video will show" that defendants ignored his pleas, hurt his leg, hyperextended his arms, rummaged through his pockets, and dragged him to a police car by his arms, which were cuffed behind his back. (Id. at ECF 11). Plaintiff also alleges he was hospitalized for his leg injury and still suffers from the injury today.

According to public records,[5] a loaded firearm was located in plaintiff's right front pocket. (Doc. #46-2 at ECF 4). On August 17, 2022, plaintiff was indicted on charges of criminal possession of a weapon in the second and third degrees. (Docs. ##46-2, 46-3). Plaintiff was convicted at trial of criminal possession of a weapon in the second degree and, on May 16, 2023, he was sentenced to twelve years' imprisonment and five years' post-release supervision. (Doc. #46-4 at ECF 10).

## DISCUSSION

I.    Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, a plaintiffs' legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded

---

[5]    At the motion to dismiss stage, courts routinely take judicial notice of state court criminal proceedings, including indictments and sentencing transcripts. Floyd v. Rosen, 2022 WL 1451405, at *2 (S.D.N.Y. May 9, 2022) (collecting cases).

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." Id. Courts specifically may consider video footage at the motion to dismiss stage when the footage is referenced in the complaint and "[k]ey allegations in the complaint rest[] on the . . . video." Norales v. Acevedo, 2022 WL 17958450, at *2 (2d Cir. Dec. 27, 2022) (summary order).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a

pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II. Unlawful Search, Seizure, and Arrest Claims

All three defendants argue plaintiff's unlawful search, seizure, and arrest claims must be dismissed because (i) they are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), to the extent plaintiff seeks damages[6]; and (ii) as a matter of law, plaintiff's state court conviction establishes defendants had probable cause for plaintiff's arrest and search incident to arrest.

The Court agrees.

A. Heck v. Humphrey

"[T]o recover damages for allegedly unconstitutional conviction or imprisonment" under Section 1983, "a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. at 486–87. If a successful claim "would necessarily imply the invalidity of the punishment imposed, . . . the claim [is] not cognizable under § 1983." Jackson v. Johnson, 15 F. Supp. 2d 341, 348 (S.D.N.Y. 1998). In cases alleging unlawful search and seizure, "district courts have frequently found that Section 1983 actions targeting a single episode involving a single search, necessarily demonstrate the invalidity of a conviction based on

---

[6] The complaint does not specifically indicate that plaintiff is seeking money damages. (See Compl. at ECF 5 ("Seeking all relief that your Honor grant[s] & deem[s] fit & proper.")). Because plaintiff does not specifically request any other form of relief, the Court liberally construes the complaint as requesting money damages.

that search." See El v. City of New York, 2015 WL 1873099, at *4 (S.D.N.Y. Apr. 23, 2015); Clayton v. City of Poughkeepsie, 2007 WL 2154196, at *4 (S.D.N.Y. June 21, 2007) (same).

Here, plaintiff argues defendants lacked probable cause for the detention, search, and arrest that resulted in his 2022 conviction for criminal possession of a weapon in the second degree. Plaintiff does not contend his conviction has been invalidated in any way by any state or federal court, or any state or federal official. Furthermore, the allegations in the complaint demonstrate that plaintiff's conviction specifically rested on the evidence obtained during the July 29, 2022, arrest and search which revealed a firearm on his person—in other words, a single episode involving a single search. Therefore, success on plaintiff's unlawful search, seizure, or arrest claims would necessarily imply the invalidity of his conviction.

Accordingly, any claim for damages based on plaintiff's alleged unlawful search, seizure, and arrest must be dismissed.

B. Probable Cause

Section 1983 claims for unlawful arrest are analyzed under the law of the state where the arrest occurs. Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006). Under New York law, the existence of probable cause is an absolute defense to an unlawful-arrest claim. See Marrero v. City of New York, 33 A.D.3d 556, 557 (1st Dep't 2006). Similarly, when a plaintiff challenges a search and seizure incident to arrest, probable cause for the arrest justifies the subsequent search and seizure. Corley v. Vance, 365 F. Supp. 3d 407, 443 (S.D.N.Y. 2019). When a plaintiff is convicted in connection with the challenged arrest and search, the conviction is "conclusive evidence of probable cause," unless it is reversed on appeal. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).

Here, plaintiff's conviction for criminal possession of a weapon in the second degree is conclusive evidence of probable cause for his arrest, and thus, the search and seizure incident to his arrest. Accordingly, as a matter of law, plaintiff's unlawful arrest, search, and seizure claims must be dismissed.

III.   Excessive Force Claim

The NYSP Defendants argue plaintiff's Fourth Amendment excessive force claim should be dismissed because (i) plaintiff fails to allege Carrozzo was personally involved in the use of force, (ii) Schock's use of force was objectively reasonable, and (iii) in any event, the NYSP defendants are entitled to qualified immunity.

The Court agrees plaintiff fails to allege Carrozzo was personally involved in the alleged excessive use of force. However, the Court disagrees that Schock's use of force was objectively reasonable as a matter of law, or that Schock is entitled to qualified immunity on the face of the pleadings.

A.   Personal Involvement

To state a claim under Section 1983, a plaintiff must allege facts showing defendants' direct and personal involvement in an alleged constitutional deprivation. See Spavone v. N.Y.S. Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). Moreover, a defendant may not be held liable under Section 1983 solely because he employs or supervises a person who violated the plaintiff's rights. See Tangreti v. Bachmann, 983 F.3d 609, 619–20 (2d Cir. 2020). "Personal involvement for the purposes of a § 1983 excessive force claim can be shown where a police officer directly participates in an assault, or was present during the assault with reasonable opportunity to

intercede on plaintiff's behalf yet failed to do so." Espada v. Schneider, 522 F. Supp. 2d 544, 555 (S.D.N.Y. 2007).

Here, the only specific allegation plaintiff makes about Carrozzo is that "Officer Carrozzo watched" while Brooks and Schock grabbed plaintiff's arms and slammed him to the ground. (Compl. at ECF 10). In his opposition, plaintiff only asserts Brooks and Schock used excessive force. (Doc. #52 at 5). Moreover, plaintiff does not allege Carrozzo ordered Brooks or Schock to grab plaintiff and force him to the ground or that Carrozzo failed to intervene in the alleged use of excessive force. See Durr v. Slator, 558 F. Supp. 3d 1, 20–21 (N.D.N.Y. 2021) (finding lack of personal involvement when the plaintiff "affirmatively assert[ed]" other defendants applied excessive force and failed to allege the defendant "had a realistic opportunity to intervene or prevent" the use of force).

Accordingly, plaintiff's Fourth Amendment excessive force claim against Carrozzo must be dismissed for lack of personal involvement.

B.    Use of Force

"The Fourth Amendment prohibits the use of unreasonable and therefore excessive force by a police officer in the course of effecting an arrest." Tracy v. Freshwater, 623 F.3d 90, 96 (2d Cir. 2010) (citing Graham v. Connor, 490 U.S. 386, 395 (1989)). Reasonableness under the Fourth Amendment is judged by an objective standard. Bryant v. City of New York, 404 F.3d 128, 136 (2d Cir. 2005). Accordingly, to state a Fourth Amendment excessive force claim, a plaintiff must plausibly allege the force used by the defendant was objectively unreasonable, in light of the facts and circumstances confronted. Cox v. City of New Rochelle, 2019 WL 3778735, at *7 (S.D.N.Y. Aug. 12, 2019); Graham v. Connor, 490 U.S. at 397.

"[T]he inquiry is necessarily case and fact specific and requires balancing the nature and quality of the intrusion on the plaintiff's Fourth Amendment interests against the countervailing governmental interests at stake." Tracy v. Freshwater, 623 F.3d at 96.  This assessment may include factors such as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. at 396.  It is typically the jury's "unique task . . . to determine the amount of force used, the injuries suffered and the objective reasonableness of the officer's conduct." Breen v. Garrison, 169 F.3d 152, 153 (2d Cir. 1999).  Therefore, "[w]hen courts grant motions to dismiss an excessive force claim, it is because the force used was objectively reasonable as a matter of law." Phillips v. City of Middletown, 2018 WL 4572971, at *3 (S.D.N.Y. Sept. 24, 2018).

Here, plaintiff plausibly alleges Schock employed excessive force during his arrest. Plaintiff claims Schock "grabbed" his left arm "with unnecessary force" and "slammed me on the ground/sidewalk face first." (Compl. at ECF 10).  Plaintiff further alleges that "video will show & prove" that while plaintiff was on the ground, Schock and Brooks "ignore my pleas, continue to violate me by force, hurting my leg which is seen & heard, hyper extending my arms, rummaging through my pockets & ultimately dragging me to a squad car by my arms behind my back & in cuffs." (Compl. at ECF 11).  The video footage of the incident—explicitly referenced in the complaint and attached to the NYSP Defendants' motion—shows plaintiff pinned to the ground with his leg bent outwards at an angle underneath him and his wrists handcuffed behind his back.  (Doc. #42-5 at 02:04–03:20).

Although Schock argues plaintiff's alleged injuries are insufficient to show an unreasonable use of force, plaintiff asserts he suffered "a severe leg injury" for which he "was

9

hospitalized" and is "still suffering from today." (Compl. at ECF 8). These allegations, which the Court must accept as true at this stage, are consistent with a plausible use of excessive force.[7]

Further, although Schock asserts his use of force was justified because plaintiff "attempt[ed] to flee" and "ran away" (Doc. #41 at 10; Doc. #55 at 3), plaintiff contends he in fact "walked away slowly." (Compl. at ECF 10). Because the video footage is not inconsistent with plaintiff's characterization (Doc. #42-5 at 00:47–00:52), the Court must accept this allegation as true on a motion to dismiss. See, e.g., Garcia v. Does, 779 F.3d 84, 87–88 (2d Cir. 2015) (accepting as true facts alleged in the complaint "to the extent that they are not contradicted by the video evidence"). More generally, viewed as a whole, the video footage does not so conclusively establish all of the potentially relevant facts such that the Court could find Schock's use of force was reasonable as a matter of law. Thus, at this early stage of the case, plaintiff has plausibly pleaded Schock employed unreasonable force during his arrest.

Accordingly, plaintiff's excessive force claim against Schock may proceed.

C.      Qualified Immunity

Qualified immunity shields government officials whose "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The scope of qualified immunity is broad and protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). "A qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Salim v. Proulx, 93 F.3d 86, 89

---

[7] And, in any event, it bears mentioning that the absence of serious injury alone is not sufficient to preclude a Fourth Amendment excessive force claim as a matter of law. Ketcham v. City of Mount Vernon, 992 F.3d 144, 150–51 (2d Cir. 2021).

(2d Cir. 1996). "Defendants bear the burden of establishing qualified immunity." Garcia v. Does, 779 F.3d at 92.

"[U]sually, the defense of qualified immunity cannot support the grant of a Rule 12(b)(6) motion." Hyman v. Abrams, 630 F. App'x 40, 42 (2d Cir. 2015) (summary order). However, "a district court may grant a Rule 12(b)(6) motion on the ground of qualified immunity if the facts supporting the defense appear on the face of the complaint." Id.

Schock argues he is entitled to qualified immunity because plaintiff does not plausibly allege his constitutional rights were violated. As explained above, plaintiff plausibly alleges Schock employed excessive force in violation of plaintiff's well-established Fourth Amendment rights.

Schock further argues he is entitled to qualified immunity because "courts have not held that pinning a potentially armed gunman to the ground in an attempt to restrain him after he tried to flee would be unlawful." (Doc. #41 at 14). However, Schock misunderstands the relevant inquiry. If, as here, the Court concludes plaintiff has plausibly pleaded a constitutional violation, Schock is only entitled to qualified immunity if he can demonstrate the law was not clearly established that his use of force was unlawful under the circumstances alleged. See Jones v. Treubig, 465 F.3d 46, 55–56 (2d Cir. 2006). Importantly, qualified immunity does not attach simply because no case had addressed the precise factual situation Schock confronted. Id. In support of his argument, Schock cites only a single Second Circuit summary order from 2012 holding it was not well-established that handcuffing a person with an invisible, pre-existing injury is unreasonable. (See Doc. #41 at 14 (citing Beckles v. City of New York, 492 F. App'x 181, 182 (2d Cir. 2012) (summary order))). This is not sufficient to show the law was not clearly established with respect to the use of force Schock confronted in this case.

11

Accordingly, Schock is not entitled to qualified immunity at this stage of the case.[8]

## CONCLUSION

Defendants Carrozzo and Schock's motion is GRANTED IN PART and DENIED IN PART, and defendant Brooks's motion is GRANTED.

Plaintiff's Fourth Amendment excessive force claims against Brooks and Schock shall proceed.  All other claims are dismissed.

Defendants Brooks and Schock shall each file an answer to the complaint by May 15, 2024.

The Clerk is instructed to terminate defendant Carrozzo on the docket and terminate the motions.  (Docs. ##40, 44).

By separate Order, the Court will schedule an initial conference.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order, and all unpublished opinions cited, to plaintiff at the address listed on the docket.

Dated:  May 1, 2024
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[8] As the Court dismisses the excessive force claim against Carrozzo for lack of personal involvement, the Court need not address whether Carrozzo is entitled to qualified immunity.